# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARKER DAVIS, on behalf of herself and all others similarly situated, and on behalf of the general public,<br><br>                          Plaintiff,<br><br>v.<br><br>DS WATERS OF AMERICA, INC.,<br><br>                          Defendants. | Case No. 14-cv-250-BAS(NLS)<br><br>**ORDER OVERRULING DEFENDANT'S OBJECTION TO MAGISTRATE JUDGE'S OCTOBER 2, 2014 ORDERS**<br><br>**[ECF No. 37]** |

On September 24, 2014, Defendant DS Waters of America, Inc. filed an *ex parte* motion for "an injunction, 'turn over' order, and other corrective measures associated with Plaintiff [Parker Davis'] illicit 'self-help' discovery." (ECF No. 28.) Despite mentioning "injunction" in the title of the motion, Defendant specifically sought an order for the following relief:

> (a) Requiring that any and all documents obtained through "self-help" means be immediately relinquished and returned (including paper and electronic copies), including the "fruits" of any such efforts.
>
> (b) Ordering Plaintiff and his counsel to immediately cease and desist from engaging in any "self-help" discovery, whereby Plaintiff obtains DSS documents from former/current employees of DSS (or other impermissible means) as opposed to through the discovery process.

> (c) Ordering Plaintiff's counsel to provide defense counsel with the identity of the individual(s) from whom they obtained Exhibits 47, 48, and 52, and any other internal documents of DSS, so that DSS can fairly conduct its own investigation, determine what occurred, and take appropriate preventative/corrective steps, actions and/or measures.
>
> (d) Ordering that Exhibits 47, 48, and 52 and any associated testimony be stricken from the record in the Garrity deposition and prohibiting the use of Exhibits 47, 48, and 52 (as well as any other documents obtained through "self-help" means and methods) in future depositions, court hearings, and/or motions.

(Def.'s Sept. 24, 2014 *Ex Parte* Mot. 16:13–17:5.)

On October 2, 2014, United States Magistrate Judge Nita L. Stormes issued an order determining that Defendant's *ex parte* motion was improperly filed and thus would not be considered. Judge Stormes issued a Further Order on the same day adding that "[t]o the extent that defense counsel in fact intended his *ex parte* motion to be a motion for an injunction or an application for a Temporary Restraining Order ('TRO') properly brought before the District Judge, the *ex parte* motion was not properly filed as a noticed motion for an injunction, nor was it styled as an application for a TRO[,]" and that "counsel contacted [Judge Stormes'] chambers regarding briefing on the *ex parte* motion and related motions, not Judge Bashant's chambers." (Oct. 2, 2014 Further Order 1:23–2:2.)

Now pending before the Court is Defendant's objection to Judge Stormes' October 2, 2014 orders. Plaintiff Parker Davis has not filed a response to Defendant's objection. However, the Court neither ordered nor requires any further briefing to make its determination. The Court **DENIES** Defendant's request for an oral argument because it will not materially assist the Court in making its determination, and will instead decide the matter on the papers submitted. *See* Civ. L.R. 7.1(d)(1). For the following reasons, the Court **OVERRULES** Defendant's objections.

//

//

//

## I.  STANDARD OF REVIEW

A party may object to a non-dispositive pretrial order of a magistrate judge within fourteen days after service of the order.  *See* Fed. R. Civ. P. 72(a).  The magistrate judge's order will be upheld unless it is "clearly erroneous or contrary to law."  *Id.*; 28 U.S.C. § 636(b)(1)(A).  The "clearly erroneous" standard applies to factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters.  *F.D.I.C. v. Fid. & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D. Cal. 2000); *Joiner v. Hercules, Inc.*, 169 F.R.D. 695, 697 (S.D. Ga. 1996) (reviewing magistrate judge's order addressing attorney-client issues in discovery for clear error).  Review under this standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. of S. Cal.*, 508 U.S. 602, 623 (1993) (internal quotation marks omitted).

On the other hand, the "contrary to law" standard permits independent review of purely legal determinations by a magistrate judge.  *See, e.g.*, *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3d Cir. 1992) ("the phrase 'contrary to law' indicates plenary review as to matters of law."); *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir. 1994); 12 Charles A. Wright, et al., *Federal Practice and Procedure* § 3069 (2d ed., 2010 update).  "Thus, [the district court] must exercise its independent judgment with respect to a magistrate judge's legal conclusions."  *Gandee*, 785 F. Supp. at 686.  "A decision is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *United States v. Cathcart*, No. C 07-4762 PJH, 2009 WL 1764642, at *2 (N.D. Cal. June 18, 2009).

## II.  DISCUSSION

The crux of Defendant's objection is that Judge Stormes' orders were outside the scope of her authority as prescribed by Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636.  In particular, Defendant emphasizes that § 636(b)(1)(A) states that "a

[district] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the Court, except a *motion for injunctive relief*[,]" suggesting that motions for injunctive relief require a designation from the district judge. Defendant argues that this restriction of a magistrate judge's authority applies in this case, and that Judge Stormes improperly exercised jurisdiction over Defendant's *ex parte* motion. (Def.'s Objection 6:17–7:28.) The Court disagrees.

In *Anaya v. Campbell*, No. CIV S-07-0029, 2009 WL 425034, at *1 (E.D. Cal. Feb. 19, 2009, the court explained:

> The fact that parties are directed in their activities by a magistrate judge, cannot, without more, transform the matter at hand into an 'injunctive' relief situation governed by § 636(b)(1)(B). It is only where the relief sought goes to the merits of plaintiff's action or to complete stays of an action are orders under § 636(b)(1)(A) precluded. In other words, a motion for injunctive relief must relate to the allegations in the complaint. If there is no relation, it is not an injunctive relief situation. A party seeking preliminary injunctive relief "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." In other words, [a] [p]laintiff must seek injunctive relief related to the merits of his underlying claim.

*Anaya*, 2009 WL 425034, at *1 (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (citations omitted). The reasoning in *Anaya* is persuasive and this Court is compelled to follow it.

Defendant's request clearly did not seek dispositive relief on the merits of the complaint. Rather, it sought to prohibit certain purported "self-help" discovery and compel other discovery. The requests are purely discovery matters, which were properly before the magistrate judge. *See* Civ. L.R. 72.1(a), (b), (h).

Furthermore, Defendant did not even explicitly request injunctive relief in its *ex parte* motion. (*See* Def.'s Sept. 24, 2014 *Ex Parte* Mot. 16:13–17:5.) Instead, it merely appended the word "injunction" throughout the *ex parte* motion. Specifically, Defendant uses the word "injunction" six times in the body of its *ex parte* motion, where the word is used once referring to the title of the motion and five other times to either quote or describe other legal authority. (*See id.* at 1:4, 8:25, 13:4, 13:24, 13:25,

13:27.) The characterization of the *ex parte* motion as a dispositive motion for injunctive relief is, at best, a disingenuous attempt to circumvent the authority of Judge Stormes and her well-reasoned orders. In deciding not to consider Defendant's *ex parte* motion, Judge Stormes properly exercised her authority, but also reasonably expected the parties to comply with her chambers rules. Apparently, Defendant failed to meet Judge Stormes' expectations.

In sum, Defendant fails to demonstrate that Judge Stormes' October 2, 2014 orders are clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

### III.  CONCLUSION & ORDER

In light of the foregoing, the Court **OVERRULES** Defendant's objection to Judge Stormes' October 2, 2014 orders.

**IT IS SO ORDERED.**

**DATED: March 24, 2014**

**Hon. Cynthia Bashant
United States District Judge**